FILED
CLERK OF COURT

2025 MAY 21 PM 4:33

SUPERIOR COURT
OF GUAM

## IN THE SUPERIOR COURT OF GUAM

PEOPLE OF GUAM,

vs.

AXEL DACKARALU,
DOB: 01/10/1992

Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

CRIMINAL CASE NO. **CF0025-25**
GPD Report No. 25-00905

**DECISION & ORDER
RE. DEFENDANT DACKARALU'S
MOTION FOR SEVERANCE
FROM CO-DEFENDANT**

This matter came before the Honorable Alberto E. Tolentino on May 1, 2025, through a motion. Defendant Axel Dackaralu ("Defendant") filed a Motion for Severance from his Co-Defendant. On the Defendant's Motion for Severance, the court held a motion hearing on May 5, 2025. The Defendant was present with counsel Alternate Public Defender Ana Maria Gayle. Assistant Attorney General Neil Bonavita was present for the People of Guam ("People"). Having duly considered the parties' briefings, oral arguments, and the applicable law, the court denied the Defendant's Motion for Severance from his Co-Defendant on the bench. The court now issues this Decision and Order to memorialize its ruling **DENYING** the Defendant's Motion for Severance from his Co-Defendant.

\\

\\

\\

\\

## BACKGROUND

On January 17, 2025, the Defendant was charged via Indictment for the offenses of POSSESSION OF SCHEDULE II CONTROLLED SUBSTANCE (As a 3rd Degree Felony) and ASSAULT ON A PEACE OFFICER (As a 3rd Degree Felony). *See* Indictment (Jan. 17, 2025). Since arraignment on February 6, 2025, the Defendant waived his right to speedy trial. *See* Arraignment Hr'g Mins. at 9:55:57AM (Jan. 17, 2025).

At the Defendant's request, the court granted his release from confinement so long as he abided by conditions set by the court. *See* Pre-Trial Conference Mins. at 9:47:23AM (Apr. 2, 2025). While the Defendant awaited an offer from the People, the court scheduled jury selection and trial on April 7, 2025, for both defendants. *Id.* Due to the co-defendant's bench warrant, the court vacated the jury selection and trial, and scheduled another pre-trial conference for April 30, 2025. *See* Return of Warrant Hr'g Mins. at 2:22:50PM (Apr. 24, 2025).

At the pre-trial conference, the court rescheduled jury selection and trial for both defendants on May 5, 2025. *See* Pre-Trial Conference Mins. at 9:19:53AM (Apr. 30, 2025). On May 1, 2025, the Defendant subsequently filed a Motion for Severance from Co-Defendant ("Motion"), which the court addressed in a motion hearing on May 5, 2025. After hearing the parties' argument on the Motion, the court denied the Motion from the bench on May 5, 2025, for the reasons articulated below.

## DISCUSSION

Under the Guam Rules of Criminal Procedure, the court may grant a severance of defendants "[i]f it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together[.]" 8 GCA § 65.35. This Guam statute was originally sourced from Rule 14 of the Federal Rules of

Criminal Procedure. Thus, this court may use federal authority to interpret and guide the application of 8 GCA § 65.35 to this case.

"Generally, defendants who are charged together should be jointly tried." *U.S. v. Buena-Lopez*, 987 F.2d 657, 660 (9th Cir. 1993). Should a defendant file a motion to sever, the court must balance the rights of the defendant to a fair trial absent prejudice, which may result from the joinder. *See United States v. Lewis*, 787 F.2d 1318, 1321 (9th Cir. 1986). A defendant bears the burden to show clear, manifest, or undue prejudice from a joint trial. *See United States v. Polizzi*, 801 F.2d 1543, 1554 (9th Cir. 1986).

Here, the Defendant argues that a joint trial with his co-defendant comprises his right to present a complete defense, because (1) his co-defendant could be the only witness to the alleged assault stated in the Indictment's third charge; and (2) both of them may present different defenses. *See* Mot. Hr'g Mins. at 9:36:45 – 38:38AM (May 5, 2025). In response, the People opposed the severance, believing that both defendants can be tried together in the interests of judicial economy. *Id.* at 9:38:45 – 40:15AM. The People further argued that the Defendant's exculpatory testimony is speculative at this point in the case. *Id.* Notably, the co-defendant through counsel stated on the record that no one informed her of any potential testimony relating to her co-defendant. *Id.* at 9:40:58 – 41:28AM. Despite all this, the parties also indicated possible plea offers that have yet to be finalized or discussed with both defendants. *Id.* at 9:41:46 – 48:58AM.

When considering the co-defendant's indication that she was uninformed of her possible testimony at trial, and the existence of plea offers that could lead to a trial's cancellation, the court agrees that the co-defendant's testimony at trial is speculative at this point. Therefore, the court finds that the Defendant has not shown that a joint trial would clearly prejudice him to necessitate his severance.

## CONCLUSION

For the reasons stated above, the court hereby **DENIES** Defendant Dackaralu's Motion for Severance from his Co-Defendant.

A Further Proceedings is scheduled before this court on May 23, 2025, at 2:00PM.

MAY 2 1 2025

**SO ORDERED** this _____, *nunc pro tunc*, May 5, 2025.



**HONORABLE ALBERTO E. TOLENTINO**
Judge, Superior Court of Guam

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:

AG, APD

Date: 5/21/25 Time: 5:44pm

Antonio P. Cruz
Deputy Clerk, Superior Court of Guam